# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:15-cr-162-Orl-31KRS

**DAN REED**

_____

## ORDER

This matter is before the Court for sentencing. On June 23, 2016, Dan Reed, a convicted felon, was convicted of possessing a weapon in violation of 21 U.S.C. § 922(g). The Presentence Report ("PSR") (Doc. 100) scores Defendant at an adjusted offense level 24 with a criminal history score of V, which suggests a guideline range of 92-115 months. However, the probation officer concluded that Defendant was an armed career criminal as defined by United States Sentencing Guideline ("U.S.S.G.") 4B1.4, which enhances his score under Chapter 4 to offense level 33. This increases his guideline range to 210-262 months and mandates a minimum term of 15 years. 18 U.S.C. § 924(e)(1).

The Chapter 4 enhancement is based on three prior predicate offenses:

1. A conviction in January 1987 for selling a piece of rock cocaine for $25.00. Docket No. 86-3937. (Doc. 100, ¶ 27);

2. A conviction in 1990 for selling cocaine for $20.00. Docket No. 90-2030. (Doc. 100, ¶31); and

3. A conviction in 2011 for selling a piece of crack cocaine for $20.00. Docket No. 2011-35312. (Doc. 100, ¶34).

Defendant has raised several objections to the PSR, the most significant being his argument that the 1987 conviction in Case No. 86-3937 was not him. If that is so, the Chapter 4 enhancement would not apply, Defendant would not be subject to the mandatory minimum sentence, and his guideline sentencing range would be much lower.

The parties have presented evidence in connection with this objection, which can be summarized as follows:

A. Defendant is a resident of Daytona Beach. He was born on October 20, 1965 and the last four digits of his Social Security number are 8860.

B. The cover page of the Clerk's docket sheet for Case No. 86-3937 is styled *State of Florida v Terrence Lenard King* (as co-defendant) and names Dan Augusta Antonio G. Reed as the defendant, with an October 20, 1965 date of birth. (Govt. Ex. A). The docket sheet reflects an offense date of July 9, 1986, and an arrest date of August 15, 1986. Following revocation of probation, Defendant was sentenced to 30 months DOC. (Govt. Ex. B). The name on Defendant's birth certificate is Dan Augusta Antonio George Reed.

C. The complaint affidavit dated August 12, 1986 is against Daniel Reed, a/k/a Tom Tom, date of birth October 20, 1965, for sale of cocaine on July 9, 1986. A handwritten notation indicates, "86-3937-C." The named co-defendant is Virgil Dean Moffett. (Gov. Ex. F, p 349). Tom Tom is an alias of Defendant, but Daniel Reed is not.

D. The NCIC pertaining to "Danial Reed," date of birth October 20, 1965, Social Security number ending in 8860, shows an arrest on August 15, 1986 by the Daytona Beach Police Department for the sale of cocaine. (Govt. Ex. H, p. 2).

E. The judgment in Case No. 86-3937 is against Daniel Reed, finding him guilty of violating Florida Statute § 893.13, and sentencing him to 30 months. (Govt. Ex. E, pp. 282-287). Page 2 of the judgment, which should contain Defendant's fingerprint, is blank. As a substitute, the government obtained a fingerprint card from the Volusia County Sheriff's office that ostensibly is related to Case No. 86-3937. (Govt. Ex. E, p. 283). That card pertains to Daniel Reed, a/k/a Tom Tom, date of birth October 20, 1965 and arrest date August 15, 1986. However, there is no case number on this card. The fingerprints on this card match Defendant's prints as taken by the U.S. Marshal in this case. There is no evidence as to why this substitute card was made instead of placing Defendant's prints on the judgment as is customary.

The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement. *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). It is the Court's duty to ensure that the government carries this burden by establishing a sufficient and reliable basis for its requested enhancement. *United States v Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999). When considering Defendant's prior offenses, the Court may consider hearsay, provided that there are sufficient indicia of reliability to support its probable accuracy as evidence of a prior conviction. *United States v. Brown*, 521 F.3d 691 (11th Cir. 2008).

Defendant contends that the hearsay evidence of the conviction in Case No. 86-3937 is not reliable and should be disregarded. On its own, the substitute fingerprint card is grounds for concern, and some of the other documents contain inconsistencies. However, considering the evidence as a whole, the government has met its burden of proving that Defendant was convicted of the offense set forth in Paragraph 27 of the PSR. For example, all of the documents name Dan Reed or some variation of that name, including his alias "Tom Tom." The docket sheet, affidavit,

NCIC, and fingerprint card all reflect Defendant's birthdate of October 20, 1965. The docket sheet and affidavit specify an offense date of July 9, 1986, and the docket sheet, NCIC, and fingerprint card show an August 15, 1986 arrest date. The documents consistently show that Defendant was arrested for the sale of cocaine and sentenced to 30 months DOC. Defendant is therefore subject to the Chapter 4 enhancement and the 15-year mandatory minimum sentence.[1]

**DONE** and **ORDERED** in Orlando, Florida on May 17, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

---

[1] Defendant's other objections to the PSR are denied as moot.